Calvin M. Frazier, Ph.D. Commissioner of Education Department of Education
Dr. R. Leidig, M.D., Ph.D. Executive Director Department of Institutions Henry A. Foley, Ph.D. Executive Director Department of Social Services
Dear Drs. Frazier, Leidig and Foley:
This is in reply to your request for an Attorney General's opinion regarding the interpretation of the Handicapped Children's Education Act.
QUESTION PRESENTED AND CONCLUSION
Is the Department of Education obligated to provide state funds for institutional or community center board programs for handicapped children?
My conclusion is "no."
ANALYSIS
The Handicapped Children's Educational Act, C.R.S. 1973, 22-20-101, etseq. (The Act) imposes on the Colorado Department of Education the obligation to adopt regulations requiring each of the State's school districts to provide (or to participate in a unit which will provide) for special education programs to a specific group of children defined by the Act as "handicapped." Many of the members of this group, along with many other children of the State who are in need of public assistance because of their income level, or for other reasons, have previously received benefits from the Colorado Department of Social Services. Often these benefits have been provided through the institutions or the locally operated community center boards which are administered by the Colorado Department of Institutions. Nothing in the Act requires the elimination or substantial reduction of the institutional or community center board programs. On the contrary, the Act (C.R.S. 1973, 22-20-107) specifically authorizes school districts to contract for the provision by the district of educational services to community center board clients. Further, the fiscal year 1976 Long Bill (S.B. 468) likewise authorizes the continuation of the community center board program.
Motivated by a strong desire to provide continuity of benefits with the least possible disruption of existing programs designed to add the developmentally disabled, your departments have worked together with the Attorney General's office in interpreting the requirements of, and developing programs pursuant to, the new Act. It has been concluded from these discussions that there are some children whose developmental disability is such that they are not able to benefit from programs designed to impart generalized knowledge. Such children can, however, derive substantial benefit from individualized programs involving training or therapy of the type traditionally provided through the institutional and community center board programs.
Based on this factual background, your departments have arrived at the following understanding regarding those provisions of the Act which are unclear or susceptible of varying interpretation:
1. The legislative declaration of the Act which recognizes the State's obligation to provide educational opportunities to all "children" (C.R.S. 1973, 22-20-102) is a statement of general obligation which is to be met not only by this Act, but also by other statutory provisions, such as those establishing State institutions (C.R.S. 1973, 27-1-101, et seq.) and community center boards (C.R.S. 1973, 27-11-101, et seq.). It is to be noted that the same legislative declaration makes clear reference to "good educational practices," strongly implying that the expertise of the Department of Education is entitled to substantial weight in the interpretation and implementation of the Act.
2. Those children defined as "handicapped" who are entitled to receive educational benefits under the Act may suffer from "significant limited intellectual capacity" and "significant . . . emotional" disorders. Implied in this categorization is the assumption that such children do not suffer from "severe" or "profound" disabilities. The affected departments have concluded that children with "severe" or "profound" disabilities will be better served by continued participation in the institutional and community center board programs.
3. The benefit required to be provided to children by local school boards under the Act is education, or the imparting of generalized knowledge. It does not include training or therapy of the type normally provided to eligible recipients by institutional and community center boards. Under this interpretation of the Act, the Department of Education has determined that it is not obligated to, and will not, provide state funds for institutional or community center board programs.
SUMMARY
It is the opinion and conclusion of this office, from our participation in the discussions with you, and after a careful review of the Act, that the foregoing interpretations, arrived at by the affected departments and agencies of the State of Colorado, are supported by the provisions of and in full compliance with the requirements of the Handicapped Children's Educational Act.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
EDUCATION
PHYSICALLY HANDICAPPED
MENTAL RETARDATION

C.R.S. 1973, 22-20-101 C.R.S. 1973, 27-1-101
EDUCATION, DEPT. OF
Administration
INSTITUTIONS, DEPT. OF
SOCIAL SERVICES, DEPT. OF

The Department of Education is not obligated to provide state funds for institutional or community center board programs for handicapped children.